IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| WILLIAM N. HUFF, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION V-07-71 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

William N. Huff ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment. Dkt. No. 13. Petitioner requested additional time to respond (Dkt. No. 14), which the Court granted, giving Petitioner until January 26, 2009 to file his response (Dkt. No. 15). As of this date, Petitioner has not responded. Having considered the motion, record, and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED as time-barred.

## Background

Petitioner pleaded guilty to aggravated sexual assault on October 10, 2002. The trial court placed Petitioner on deferred adjudication. Petitioner never filed a direct appeal. On August 5, 2003, Petitioner's guilt was adjudicated and he was sentenced to twenty years in prison. Petitioner filed for a writ of habeas corpus from the Texas Court of Criminal Appeals on August 30, 2005. That court remanded the case for an evidentiary hearing on January 18, 2006. After a record was

developed, Petitioner's petition was denied without written order on December 6, 2006. Petitioner's petition to this court is undated, but his transmittal letter is dated August 5, 2007.

## Claims

Petitioner presents three grounds for relief:

1. He has newly discovered evidence of actual innocence;

2. Counsel failed to properly investigate his case; and

3. The State suppressed a recanted statement by the victim, as well as DNA evidence.

## Statute of Limitations

The limitations period on applications for habeas corpus relief is as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## Analysis

The Court must first determine when the judgment against Petitioner became final. In

*Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), the Fifth Circuit held that when a defendant is placed on deferred adjudication, a judgment has been entered for the purposes of 28 U.S.C. § 2244. Thus, Petitioner had thirty days from the order imposing deferred adjudication to take an appeal regarding any issues surrounding that proceeding. *See* TEX. R. APP. P. 26.2(a)(1). Since Petitioner was sentenced on October 10, 2002, he had until November 10, 2002 to file his appeal. Thus, per section 2244(d)(1)(A), Petitioner had until November 10, 2003 to file his federal habeas petition. Because even Petitioner's *state* habeas petition was not filed until August 30, 2005, Petitioner clearly falls outside the one-year limitation period.

Petitioner's claim of actual innocence does not toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Furthermore, he has not shown that he is actually innocent. The DNA test that he relies on merely states that semen samples were not collected from the victim. The inability of the government to collect DNA from the victim does not show that the Petitioner is innocent.[1]

Petitioner's claim of suppression also does not affect the application of the statute of limitations. First, the DNA test result is dated January 2, 2003, months after Petitioner had already pled guilty. There is no evidence that the State suppressed this test. Furthermore, as noted above, the evidence does not exculpate Petitioner. Second, while Petitioner claims that the State suppressed a statement by the victim recanting her earlier claim that Petitioner had assaulted her, Petitioner brings no evidence of such suppression. He does not specify in what context the victim's supposed

---

[1] Even if Petitioner's one-year limitations period were to have started from the date he received a copy of the DNA test, his petition would still be time-barred. Petitioner's counsel indicated in an affidavit in the state habeas proceedings that he faxed the DNA report to Petitioner on August 5, 2003. *See* State Court Records, Case No. WR-63, 315-01 at 4. Because Petitioner's state habeas petition was not filed until over two years later, there is no plausible sequence of events involving Petitioner's receipt of the DNA report that would indicate that he began his post-conviction review process in a timely fashion.

statement was made, when it was made, or how the State knew of it. There is, then, no reason to believe that Petitioner's delays in filing his habeas petitions can be explained by a government campaign to suppress evidence favorable to his case.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED. The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 29th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE